Filed 3/21/24  P. v. Morris CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KD MORRIS,<br><br>    Defendant and Appellant. | B328754<br><br>(Los Angeles County<br> Super. Ct. No. TA158524) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant KD Morris was charged by felony complaint with one count of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1] The information alleged prior serious and/or violent felony convictions (§§ 667, subds. (b)-(j), 1170.12). At the arraignment on September 30, 2022, defendant pled not guilty and denied all allegations.

Represented by counsel at the preliminary hearing on October 27, 2022, defendant withdrew his not guilty plea and agreed to plead no contest to the charge of aggravated assault in return for a low-term two-year sentence. (See *People v. West* (1970) 3 Cal.3d 595 (*West*).) The trial court orally advised defendant of his constitutional rights and consequences of his plea. Defendant waived his rights and affirmed he was voluntarily changing his plea to take advantage of the People's offer. Trial counsel joined in the waivers and stipulated to the factual basis of the plea as based on the felony complaint and his own conversations with defendant. Finding defendant's plea and waivers "were knowingly, intelligently, and voluntarily made with full knowledge of the consequences of the plea and there's a factual basis for it," the court accepted defendant's plea and set the matter for a probation and sentencing hearing.

At the probation and sentencing hearing, the court imposed the agreed-upon two-year sentence and awarded defendant custody and good time credits. The court also granted defendant's request to waive fines and fees and granted the People's motion to dismiss the prior conviction allegations. The

---

[1] Subsequent references to statutes are to the Penal Code.

court advised defendant of the terms and conditions of a 10-year stay-away protective order.

Defendant filed a notice of appeal from the judgment.

After reviewing the record, defendant's court-appointed appellate counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436, requesting an independent examination of the record. On November 21, 2023, we notified defendant and appointed counsel that defendant would have 30 days to file a supplemental brief raising any contentions or arguments he wished this court to consider. To date, we have received no response.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

## DISPOSITION

The judgment is affirmed.

MORI, J.

We concur:

CURREY, P. J.                    ZUKIN, J.

3